1  Naoki S. Kaneko, SBN 252285
   nkaneko@shb.com
2  SHOOK, HARDY & BACON L.L.P.
   Jamboree Center
3  5 Park Plaza, Suite 1600
   Irvine, California 92614
4  Tel: 949-475-1500 | Fax: 949-475-0016

5  James P. Muehlberger, *pro hac vice* to be filed
   jmuehlberger@shb.com
6  SHOOK, HARDY & BACON L.L.P.
   2555 Grand Boulevard
7  Kansas City, Missouri 64108
   Tel: 816-474-6550 | Fax: 816-421-5547
8
   Joan R. Camagong, SBN 288217
9  jcamagong@shb.com
   SHOOK, HARDY & BACON L.L.P.
10 555 Mission Street, Suite 2300
   San Francisco, California 94105
11 Tel: 415-544-1900 | 415-391-0281

12 Attorneys for Defendant
   UNILEVER UNITED STATES, INC.
13

14                UNITED STATES DISTRICT COURT

15                SOUTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  NICOLE KRAUSE-PETTAI, SCOTT GRIMM, STEVE TABU LANIER, CHRISTY STEVENS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNILEVER UNITED STATES, INC., a corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:20-cv-01672-DMS-BLM<br><br>**JOINT MOTION FOR DOCUMENT PRODUCTION PROTOCOL ORDER** |

In order to facilitate the just, speedy, and inexpensive conduct of discovery involving electronically stored information and hardcopy documents, Plaintiffs in the above-referenced matters and Defendant Unilever United States, Inc. ("Unilever"), through their respective counsel of record, have agreed to be bound by the terms of this Document Production Protocol ("Protocol"):

1. **General Stipulations**

    (a) This Protocol shall apply to the production of electronically stored information ("ESI") and hardcopy documents by all parties.

    (b) All disclosures and productions made pursuant to this Protocol are subject to the Stipulated Protective Order of Confidentiality entered in this matter.

    (c) This Protocol does not address, limit, or determine the authenticity, admissibility, relevance, or discoverability of ESI or hardcopy documents.

2. **Format of Production**

    (a) All production images shall be in single page Group IV Tagged Image File Format ("TIFF") (black and white, 300 dpi) with document-level searchable extracted text for ESI and document-level optical character recognition ("OCR") text for hardcopy or ESI from which text cannot be extracted. Existing and available metadata fields identified in Appendix A shall be provided in a standardized load file compatible with Concordance or Summation with a Bates number field included in the load file so that text and metadata can be matched with TIFF images.

    (b) For certain types of ESI that do not convert well to TIFF or cannot be converted to TIFF (e.g., spreadsheets (MS Excel), oversized drawings, picture files, and audio and video files), the producing party shall either produce the document in native format or in a reasonable alternative form of production. Native files included in a production shall be accompanied by a TIFF placeholder so labeled and containing a Bates number and, if applicable, confidentiality designation. Native files used as exhibits shall be accompanied by their TIFF placeholder.

(c) Productions from structured sources such as databases shall be made by generating reports that display responsive, non-privileged data in a manner that can be easily viewed.

3. **Document Branding**

   (a) If a document is designated as "Confidential" or "Confidential – For Counsel Only," the designation shall be stamped on the face of all TIFF images of the document or, for documents produced in native format, shall be included in the file name. Such designation shall also be indicated in the CONFIDENTIAL field specified in Appendix A.

   (b) Individual pages of TIFF documents shall be assigned a Bates number endorsed on the lower right corner of the image and, for documents produced in native format the Bates number shall be included in the file name. Bates numbers will be unique across the document production and sequential within a given document.

4. **Redactions.** Documents containing redactions pursuant to the Stipulated Protective Order of Confidentiality in this matter shall bear a designation that it has been redacted and shall also be indicated in the REDACTED field specified in Appendix A.

5. **Production Media**. The parties agree that productions shall be made through a secure File Transfer Protocol ("FTP") provided via email or on physical media sent by overnight delivery via USPS, UPS, or FedEx.

6. **Document Unitization**. Parent-child relationships (the association between an attachment and its parent document) that have been maintained in the ordinary course of business shall be preserved to the extent possible.

7. **Deduplication**. The parties may deduplicate stand-alone documents or document families found to be duplicative across or within custodians/sources.

8. **Search Terms and Custodians**. The parties will cooperate and meet and confer in the development of appropriate search terms to be used for culling ESI. As discovery

proceeds in these matters pursuant to the responding party's objections and responses to written discovery requests, the responding/producing party shall identify for the receiving party those key custodians most likely to possess relevant documents and whose custodial files will be subject to production. The parties will meet and confer regarding the receiving party's request for production of additional custodial files reasonably and for good cause sought by the receiving party to ensure discovery is reasonable and proportional.

9. **Email Threading**. Email threads are email communications that contain prior-in-time or lesser-included emails that also may exist separately in the party's electronic files. A most inclusive email thread is one that contains all the prior-in-time or lesser-included emails, including attachments, for that branch of the email thread. The producing party may remove from production/privilege log the wholly-included, prior-in-time, or lesser-included emails.

10. **ESI That Need Not Be Preserved, Collected or Produced**

   (a) The parties are not required to modify or suspend, on a going forward basis, the procedures used by them in the ordinary course of business to backup data and systems for disaster recovery and similar purposes related to continuity of operations. The parties have not taken, and are not required to take, any such backup media out of ordinary rotation.

   (b) Absent good cause shown, a party is not required to preserve, search, collect, review, or produce the following information or data sources:

   i. "Deleted," "slack," "fragmented," or "unallocated" data;

   ii. Random access memory (RAM), temporary files or other ephemeral data;

   iii. System or executable files (.exe, .dll, etc.);

   iv. Structural files not material to individual file contents that do not contain substantive content (.css, .xsl, .xml, .dtd, etc.);

    v.    Online access data such as temporary internet files, history, cache, cookies, etc.;

    vi.    Data in metadata fields that are frequently updated automatically, such as the "Date Accessed" value in Microsoft Windows operating systems;

    vii.    Known software files identified in the National Software Reference Library database maintained by the National Institute of Standards and Technology ("NIST");

    viii.    Legacy data contained on computers or information storage systems or software that is no longer used or supported by a party and no longer reasonably accessible; and

    ix.    Automated emails not generated by a human author, including but not limited to automated out of office replies.

11.    **Privilege Logs**

(a)    For documents withheld in their entirety from production pursuant to a claim of attorney-client privilege, work product protection, or other applicable privilege or immunity, the designating party shall provide a privilege log in Excel or a similar format within 60 days of the production from which the document(s) were withheld.

(b)    Privilege logs will include the privilege claimed and designated objective metadata fields to the extent they contain information and the information and is not privileged or protected. Designated objective metadata fields are further described in Appendix A and are as follows: Author, From, To, CC, BCC, Date (Date Sent or Date Last Modified), Subject, File Name, and Document/File Extension.

(c)    Legal personnel shall be identified as such by adding an asterisk before or after their names in the privilege log or on a separate document.

(d)    When there is a chain of privileged emails, the designating party does not need to log each email in the chain in a separate entry on the privilege log and need

only include one entry on the privilege log for the entire email chain as outlined in 11. b) above.

(e) Privilege logs need not include privileged communications with outside counsel or documents created by, or under the direction of, outside counsel regarding this litigation.

(f) Privilege logs need not include redactions from produced documents; provided that the reason for the redaction appears on the redaction label.

(g) The designating party may also propose to log documents by category and the parties shall then meet and confer regarding the designating party's proposed categories and format of the categorical log.

12. **Non-Waiver of Privilege or Protection**

(a) Any party's production of privileged or work-product protected documents or information shall not constitute a waiver of the privilege or protection with respect to (a) those documents; (b) any other communications or document relating to the subject matter of those documents; or (c) any other communications or documents relating to the individuals or entities who sent, received or are named in those documents in this case or any other federal or state proceeding. These protections apply irrespective of the degree of care taken by the producing party in (1) preventing disclosure, it being expressly recognized that the producing party is not obligated to engage in any pre-production review of the documents to identify privileged materials; or (2) rectifying disclosure, it being further recognized that the producing party shall have no obligation to engage in post-production review to determine whether it has produced any privileged materials. The parties reserve the right to challenge any assertion by the producing party of attorney-client privilege or work product protection with respect to any particular document or collection/compilation of documents or data.

(b) If the designating party notifies the receiving party that it has produced privileged or work product protected information or documents, or if the receiving party independently determines, that the producing party has produced information or documetns that reasonably appear to be subject to a claim of privilege or work product protection, the receiving party must (1) promptly return or destroy the specified information or documents, any copies or summaries thereof, and notes relating to it; (2) not use or disclose the information or documents until any challenge is resolved; and (3) take reasonable steps to retrieve the information if the party disclosed it before learning/determining that the information or document was privileged.

(c) Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(d) This section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

Dated:  February 8, 2022     SHOOK HARDY & BACON L.L.P.

By:  */s/ Naoki S.Kaneko*
     Naoki S. Kaneko

Attorneys for Defendant
UNILEVER UNITED STATES, INC.

E-mail:  nkaneko@shb.com

1
2   Dated: February 8, 2022                MARLIN & SALTZMAN, LLP
3
4                                          By:  */s/ Joel Gordon*
                                                Joel Gordon
5                                          Attorneys for Plaintiffs
6
                                           E-mail:  jgordon@marlinsaltzman.com
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## APPENDIX A: PRODUCTION SPECIFICATIONS

| Field* | Sample Data | Hardcopy Docs | Email and | Comment |
|---|---|---|---|---|
| PRODBEG | ABC00000001 | Yes | Yes | Beginning production/Bates number |
| PRODEND | ABC00000008 | Yes | Yes | Ending production/Bates |
| PRODBEGATT | ABC00000009 | Yes | Yes | Beginning production/Bates number of parent in a family |
| PRODENDATT | ABC00001005 | Yes | Yes | Ending production/Bates number of last page of the last attachment in a family |
| NUMATTACH | 2 | No | Yes | Total number of records attached to the document (value will always be 0 for the actual document) |
| CUSTODIAN/SOURCE | Smith, John | Yes | Yes | Name of Custodian/Source that possessed the document |
| ALL_CUSTODIANS | Doe, Jane; Jones, James | No | Yes | Custodian(s)/Source(s) that possess duplicate copies of the document |
| NATIVEFILE | Natives\\\00000001.xls | N/A | Yes | Path and file name for native file on production |
| DOCTYPE | Microsoft Office 2007 | N/A | Yes | Description of the type file for the produced record |
| FILEPATH | \My Documents\ | N/A | Yes | Original source filepath for the record produced |
| FILENAME | Document1.doc | N/A | Yes | Name of original electronic file as |
| DOCEXT | DOC | N/A | Yes | File extension for email or e-doc |
| DOC TYPE | Email | N/A | Yes | Type of document |

| Field* | Sample Data | Hardcopy Docs | Email and | Comment |
|---|---|---|---|---|
| PAGES | 2 | Yes | Yes | Number of pages in the produced document (not applicable to emails) |
| FILE SIZE | | N/A | Yes | File size |
| AUTHOR | John Smith | N/A | Yes | Author information as derived from the properties of the document |
| DATELASTMOD | 10/09/2005 | N/A | Yes | Date that non-email file was modified as extracted from file system metadata |
| DOCTITLE | Meeting Minutes | N/A | Yes | "Title" field extracted from metadata properties of the Document |
| SUBJECT | Changes to Access Database | N/A | Yes | "Subject" field extracted from email message |
| FROM | John Beech | N/A | Yes | "From" field extracted from email message |
| TO | Janice Birch | N/A | Yes | "To" field extracted from email message |
| CC | Frank Maple | N/A | Yes | "Cc" or "carbon copy" field extracted from email message |
| BCC | John Oakwood | N/A | Yes | "Bcc" or "blind carbon copy" field extracted from email message |
| DATESENT | 10/10/2005 | N/A | Yes | Sent date of email message (mm/dd/yyyy format) |
| TIMESENT | 18:33:00 | N/A | Yes | Sent time of email message, time zone set to UTC |
| CONFIDENTIALITY | CONFIDENTIAL | Yes | Yes | Text of confidentiality designation, if any |

10
JOINT MOTION FOR DOCUMENT PRODUCTION PROTOCOL ORDER
CASE NO. 3:20-CV-01672-DMS-BLM

Case 3:20-cv-01672-LL-BLM   Document 41   Filed 02/08/22   PageID.371   Page 11 of 12

| Field* | Sample Data | Hardcopy Docs | Email and E- | Comment |
|---|---|---|---|---|
| TEXTPATH | Text\\\.txt | Yes | Yes | Path to *.txt file containing extracted or OCR text |
| PRODVOL | VOL001 | Yes | Yes | Name of the Production Volume. |
| REDACTED | Yes/No | Yes | Yes | Identifies whether a document contains redactions |
| MD5 (or SHA1) HASH VALUE | e4d909c290d0fb1ca068ffaddf22cbd 0 | N/A | Yes | Unique identifier |

*Field designations are friendly names for ease of reference. Actual column names in load files may differ so long as the column names are consistent across the producing party's production and have the same meaning as the fields above.

11
JOINT MOTION FOR DOCUMENT PRODUCTION PROTOCOL ORDER
CASE NO. 3:20-CV-01672-DMS-BLM

## SIGNATURE CERTIFICATION

Pursuant to section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I hereby certify that the content of this document is acceptable to Joel Gordon counsel of record for Plaintiffs, and that I have obtained Mr. Gordon's authorization to affix his electronic signature to this document.

Dated: February 8, 2022    SHOOK HARDY & BACON L.L.P.

By:   *s/ Naoki S. Kaneko*
         Naoki S. Kaneko

Attorneys for Defendant
Unilever United States, Inc.
E-mail:  nkaneko@shb.com