Naoki S. Kaneko, SBN 252285
nkaneko@shb.com
Ryan H. Chan, SBN 323424
rchan@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Tel: 949-475-1500 | Fax: 949-475-0016

Joan R. Camagong, SBN 288217
jcamagong@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, California 94105
Tel: 415-544-1900 | 415-391-0281

James P. Muehlberger, *pro hac vice*
jmuehlberger@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Tel: 816-474-6550 | Fax: 816-421-5547

Attorneys for Defendant
UNILEVER UNITED STATES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE KRAUSE-PETTAI, SCOTT GRIMM, STEVE TABU LANIER, CHRISTY STEVENS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNILEVER UNITED STATES, INC., a corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:20-cv-01672-DMS-BLM<br><br>**DEFENDANT UNILEVER UNITED STATES, INC.'S OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

Defendant Unilever United States, Inc. ("Unilever") hereby submits this Opposition to Plaintiffs' Ex Parte Application for Motion for Leave to File a Third Amended Complaint ("Motion") (ECF No. 48).

## I.     INTRODUCTION

Plaintiffs seek leave to amend their current Second Amended Complaint to add "two class members (Kevin Bolden and Errol Carreon) as proposed representative Plaintiffs, correct[] minor factual discrepancies relating to the other Plaintiffs' claims, and remove[] Axe consumers from the purported Class while leaving the claims of both Degree and Dove users intact." (Pls.' Mem. at 1.) But the deadline to "join other parties, to amend the pleadings, or to file additional pleadings" expired more than nine months ago on August 2, 2021.[1]  Plaintiffs' request comes with only *four weeks* remaining before the close of fact discovery (June 24, 2022), and *nine weeks before* Plaintiffs' deadline to file their motion for class certification (July 29, 2022). Plaintiffs' motion should be denied for two reasons:

First, Plaintiffs fail to demonstrate the diligence required under Rule 16(b) in seeking to add new plaintiffs. Second, Plaintiffs' untimely request, if granted, will prejudice Unilever by forcing it to defend against two new plaintiffs at the last minute before the close of fact discovery and before class certification briefing begins.

---

[1] Unilever has already stipulated to dismissing Plaintiffs Steve Tabu Lanier and Scott Grimm. (ECF No. 47.) Further, Unilever does not oppose Plaintiffs' request to abandon their claims related to Axe products and users, which following investigation and discovery, Plaintiffs concede do not belong in their proposed class. (Pls.' Mem. at 9-10.)

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. This case has been pending since August 2020, and Plaintiffs' Second Amended Complaint has been at issue since August 2021.

Plaintiffs' original Complaint was filed on August 26, 2020. (ECF No. 1.) Plaintiffs' operative Second Amended Complaint on May 6, 2021. (ECF No. 20.) On August 20, 2021, the Court denied Unilever's Motion to Dismiss the SAC. (ECF No. 35.)

### B. Plaintiffs were on notice of Mr. Lanier's status as early as December 2021 and Mr. Grimm's status as early as March 2022.

On October 15, 2021, Unilever served written discovery – requests for production and special interrogatories – to all four named Plaintiffs. (Declaration of Naoki S. Kaneko ("Kaneko Decl."), ¶ 2.) According to Plaintiffs' brief, "Plaintiff's counsel tried and failed to reach [Plaintiff Steve Tabu] Lanier, who could not be contacted at any previously available telephone numbers or email addresses … and after the discovery response deadline passed, Plaintiff's counsel notified Defendant's counsel that if Lanier could not be reached to complete his discovery responses then Plaintiffs' would have to move to dismiss his claims. (Pls.' Mem. at 2-3 [citing Gordon Decl. ¶ 6].) But on December 28, 2021, following several extensions of the deadline to respond, all four named Plaintiffs served responses to Unilever's written discovery requests, including Mr. Lanier, although he did not serve responses to Unilever's special interrogatories. That same day, Unilever was notified that Plaintiffs' counsel was waiting on Mr. Lanier to approve responses to Unilever's special interrogatories, and that the responses would be served shortly thereafter. (Kaneko Decl. ¶ 3.) When Mr. Lanier's responses were not served, on January 18, 2022, Unilever's counsel emailed Plaintiffs' counsel to confirm the status of Mr. Lanier. (Kaneko Decl. ¶ 4.) In February, Plaintiffs' counsel confirmed Mr. Lanier was going to be dismissed. (Kaneko Decl. ¶ 4.) At no point in December 2021 (or in

January or February 2022) did Plaintiffs' counsel indicate any intent to substitute a new plaintiff for Mr. Lanier.  (Kaneko Decl. ¶ 5.)

On March 21, 2022, Plaintiffs' counsel emailed Unilever to confirm deposition dates for Plaintiffs Christy Stevens and Nicole Krause-Pettai.  (Gordon Decl. ¶ 6.)  In that same email, Plaintiffs' counsel indicated for the first time that Plaintiffs would seek to replace Plaintiffs Lanier and Grimm "with two new plaintiffs *immediately*."  (Ex. C to Gordon Decl. [emphasis added].)  In subsequent conversations via telephone, Unilever's counsel confirmed Unilever's opposition to Plaintiffs' request to add new Plaintiffs.  (Kaneko Decl. ¶ 6; *see also* Ex. D to Gordon Decl. [acknowledging on May 19, 2022 that Unilever had previously indicated its opposition to any request to add new plaintiffs].)

On May 19, 2022, Plaintiffs' counsel emailed Unilever's counsel to ask whether Unilever would stipulate to dismissing Plaintiffs Grimm and Lanier.  (Ex. D to Gordon Decl.)  On May 23 and 24, Unilever's counsel met with Plaintiffs' counsel via email and telephone and confirmed again Unilever's opposition to Plaintiffs' current motion.  (Ex. E. to Gordon Decl.)  As Plaintiffs note in their brief, Unilever has stipulated to the dismissal of Plaintiffs Lanier and Grimm (ECF No. 47), and does not oppose the dismissal of claims related to Axe products, which were only allegedly purchased by former plaintiff Lanier.

**C.     The Court previously granted two requests to modify the original scheduling order entered on June 3, 2021.**

On June 2, 2021, the Court entered a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings.  (ECF No. 25.)  Among other things, the order set August 2, 2021 as the deadline for "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings" to be filed.  (*Id.* ¶ 3.)  That deadline has passed, and to date, Plaintiffs have never sought to extend the deadline.

1  On December 23, 2021, the parties filed a Joint Motion for Continuance of Plaintiffs' Deadline to File Motion for Class Certification. (ECF No. 38.) On December 28, 2021, the Court entered an order granting in part the parties' Joint Motion and continuing various deadlines in the original Scheduling Order. (ECF No. 39.)

On March 22, 2022, the parties filed a second Joint Motion to Continue Certain Deadlines, including Plaintiffs' Deadline to Move for Class Certification, and to Vacate the Mandatory Settlement Conference, following the parties' unsuccessful mediation on February 28, 2022. (ECF No. 45.) On March 23, 2022, the Court granted the Parties' request. (ECF No. 46.) Relevant deadlines include as follows:

| Event | Deadline |
| --- | --- |
| Close of Fact Discovery | June 24, 2022 |
| Deadline to File Motion for Class Certification | July 29, 2022 |

### III.  LEGAL STANDARD

Leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Once a court has entered a scheduling order, it will modify the scheduling order only for good cause. Fed. R. Civ. P. 16(b)(4); *Gonzales v. Lake Havasu City*, 836 Fed.Appx. 554, 556 (9th Cir. 2020) ("After entry of the scheduling order, a party may seek leave to amend the pleadings only if they first satisfy the 'good cause' standard of Rule 16(b)(4)."); *Watkins v. MGA Entertainment, Inc.*, No. 21-cv-00617-JCS, 2021 WL 5865529, at *7-8 (N.D. Cal. Dec. 10, 2021) (denying leave to amend under Rule 16 because Plaintiffs failed to demonstrate good cause) (quoting *Johnson*, 975 F.2d at 609). This standard "primarily considers the diligence of the party seeking the amendment." *Coleman v.*

*Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (internal quotation marks omitted).

## IV.  PLAINTIFFS FAIL TO DEMONSTRATE DILIGENCE.

Rule 16's "good cause" inquiry "should focus on a party's diligence, '[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Zeiger v. WellPet LLC*, 3:17-cv-04056-WHO, 2020 WL 9160842, at *1 (N.D. Cal. Jan. 22, 2020). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *Henderson v. United Station Homeless Servs.*, No. CV 20-476-PSG (MRWx), 2021 WL 4497220, at *2 (C.D. Cal. Aug. 10, 2021).

Plaintiffs baldly argue that "good cause exists to change the Scheduling Order" because "[n]either Mr. Grimm nor Mr. Lanier are able to participate in the litigation and fulfill their duties to the Class."[2] (Pls. Mem. at 1.)  They further claim, "[a]t no point in time was there any undue delay in notifying Defendants of the substitutions now proposed in the TAC." (*Id.*)  But Plaintiffs' counsel confirmed that Mr. Lanier would not be pursuing his claims in February 2021. (Kaneko Decl. ¶ 4.)  And as early as December, counsel noted he was having difficulty reaching his client and was considering dismissal. (Gordon Decl. ¶ 6.)  After confirming Mr. Lanier would not be participating in this lawsuit in January, counsel waited until March 21, 2022 to notify Unilever that in addition to Lanier, Grimm was also unable to proceed as a class

---

[2] A review of Plaintiffs' proposed Third Amended Complaint shows that, aside from changing the products they allegedly purchased and their alleged purchase dates, both of the new proposed plaintiffs assert boilerplate allegations that are identical to the four original plaintiffs. (*See* Ex. B to Gordon Decl., ¶¶ 13, 14.)  Plaintiffs' motion also fails to explain why two new plaintiffs are necessary, when one of the dismissed plaintiffs allegedly purchased only Axe products, which Plaintiffs are no longer seeking to include in this case.

6

CASE NO. 3:20-CV-01672-DMS-BLM                    OPPOSITION TO EX PARTE MOTION
                                                                                     FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

representative. (Kaneko Decl. ¶ 6.) More importantly, Plaintiffs' counsel indicated for the first time that they would seek to substitute "two new plaintiffs immediately." Ex. C to Gordon Decl. ¶ 6.) However, instead of taking immediate action, Plaintiffs waited two more months before bringing the current *ex parte* motion.[3] Plaintiffs fail to demonstrate good cause for their delay in bringing this request. *See Parker v. Joe Lujan Enterprises, Inc.*, 848 F.2d 118, 121 (9th Cir. 1988) (explaining that the fact that amendment was sought after district court's deadline for amendment of pleadings had passed was sufficient to affirm denial of motion for leave to amend). For this reason alone, Plaintiffs' Motion should be denied.

## V. ADDING NEW PLAINTIFFS WILL PREJUDICE UNILEVER AND CAUSE FURTHER UNDUE DELAY.

If the moving party succeeds in showing "good cause" under Rule 16(b), they must also demonstrate that the amendment is proper under Rule 15(a). While leave to amend a pleading is ordinarily granted "when justice so requires," such leave should not be given where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation'; or (4) is futile. *AmerisourceBergen Corp. v. Dialysis W, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. at 182.

Of these factors, "the consideration of prejudice to the opposing party [] carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Ascon Poperties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th

---

[3] *Ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Case. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To warrant *ex parte* relief, the moving party must show that it will suffer irreparable harm if the motion is not heard on an expedited schedule and that it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as result of excusable neglect. *Id.* For the same reasons highlighted in Unilever's opposition, Plaintiffs fail to justify their *ex parte* request.

1  Cir. 1989) (noting that allowing plaintiff to amend complaint nearly one and a half years
2  after litigation commenced would prejudice the defendant, who had already incurred
3  substantial litigation costs evaluating the prior theory of the case).

4   Indeed, courts often presume prejudice to exist where, as here, a motion to amend
5  is brought late in the litigation. *See, e.g., Solomon v. North American Life & Cas. Ins.*
6  *Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming motion filed "on the eve of the
7  discovery deadline," because it would have required reopening discovery, thus delaying
8  proceedings); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.
9  1990) (not an abuse of discretion to deny leave to amend where added claim was
10 "tenuous" and plaintiff was guilty of "inordinate delay" because amendment was sought
11 nearly two years after action commenced).

12  Here, Unilever would suffer prejudice if Plaintiffs are allowed to add two new
13 class representatives at this late stage. *See Wells Fargo, N.A. v. Renz*, 2010 WL
14 2867615, at *3 (the "act of simply adding a party is an indicator of prejudice"). In their
15 notice, Plaintiffs incorrectly argue that the "only deadline Plaintiffs request to be
16 changed is the one for brining amended pleadings." (Notice of Mot. at ii.)  But the
17 deadline to complete fact discovery is June 24, 2022. (ECF No. 46.)  In other words,
18 allowing the addition of two new plaintiffs will require an extension of the current fact
19 discovery cut-off and will likely require further changes to the Court's Scheduling
20 Order.[4]

---

[4] The parties previously requested an extended briefing for the motion for class certification to allow time for expert depositions to be conducted before Unilever's opposition brief and Plaintiffs' reply brief are filed. (ECF No. 38.) The Court denied this request without prejudice, instructing the parties to request an extended briefing schedule at the time Plaintiffs' motion for class certification is filed. (ECF No. 39 at 2, n. 2.) Plaintiffs' current motion suggests that the new plaintiffs' deposition can be completed along with expert depositions, after Plaintiffs' motion for class certification is filed. (Pls.' Mem. at 10.) The discovery of two additional plaintiffs will only cause further undue delay.

8
CASE NO. 3:20-CV-01672-DMS-BLM              OPPOSITION TO EX PARTE MOTION
                                            FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Further, Plaintiffs acknowledge that additional discovery will also likely impact the current class certification deadlines as they note Mr. Bolden's and Mr. Carreon's availability to be deposed during June, *after* the close of discovery in July, and *after* their motion for class certification is due in August. (Pls.' Mem. at 10.)

In short, Plaintiffs could have sought leave to substitute a plaintiff for Lanier in January, or to substitute new plaintiffs for both Lanier and Grimm in March. Nothing in Plaintiffs' motion credibly justifies waiting until four weeks before the close of fact discovery and nine weeks before their class certification motion is due before making their current request. For this reason too, the Court should deny Plaintiffs' Motion.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiffs' request for leave to add new plaintiffs should be denied.

Dated: June 1, 2022

SHOOK, HARDY & BACON L.L.P.

By: */s/ Naoki S. Kaneko*
Naoki S. Kaneko

Attorneys for Defendant
UNILEVER UNITED STATES, INC.