UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NICOLE KRAUSE-PETTAI, CHRISTY STEVENS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

UNILEVER UNITED STATES, INC., a corporation; and DOES 1-10, inclusive,

Defendants.

Case No.: 20cv1672-LL-BLM

**ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

**[ECF No. 48]**

Currently before the Court is Plaintiffs' Ex Parte Motion for Leave to File a Third Amended Complaint ("Motion"). ECF No. 48. For the reasons set forth below, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiffs, a class of California consumers who purchased Defendant's products, filed a putative class action against Defendant on August 26, 2020. ECF No. 1. On December 2, 2020, Plaintiffs filed a First Amended Complaint ("FAC"). ECF No. 11. Defendant moved to dismiss the FAC, and the Court granted in part and denied in part

Defendant's motion, with leave to amend. ECF Nos. 14, 18. Specifically, the Court dismissed Plaintiffs' requests for injunctive relief and Plaintiffs' claims based on products they did not purchase for lack of standing. *Id.* The Court also granted Defendant's motion to dismiss as to Plaintiffs' claims for unjust enrichment, breach of implied warranty, and as to Plaintiffs' claims under California's Consumers Legal Remedies Act ("CLRA") and False Advertising Law ("FAL"), as well as to Plaintiffs' claims for negligent misrepresentation and fraud on the ground that they were untimely. *Id.* On May 6, 2021, Plaintiffs filed a Second Amended Complaint ("SAC") realleging their claims and curing any prior pleading deficiencies. ECF No. 20.

On June 3, 2021, the Court entered a scheduling order per Federal Rule of Civil Procedure 16. ECF No. 25. The scheduling order gave the parties until August 2, 2021 to file motions to amend pleadings or join other parties. This deadline was not adjusted further. The scheduling order also set a deadline for all fact discovery and class certification. *Id.* Per multiple joint stipulations by the parties, however, the discovery cutoff deadline was extended to June 24, 2022, and the class certification deadline was extended to July 29, 2022. ECF Nos. 39, 46.

On May 26, 2022, the parties filed a Joint Motion of Voluntary Dismissal of Class Representatives Scott Grimm and Lanier. ECF No. 47. The next day, on May 27, 2022, Plaintiffs filed the instant Motion, including the proposed and red-lined Third Amended Complaint ("TAC"), seeking permission to modify the deadline for amended pleadings in the Scheduling Order and seeking leave to file their TAC to add additional putative class representatives Kevin Bolden and Errol Carreon in substitution of class representatives Grimm and Lanier. ECF Nos. 48, 48-2, 48-3. Plaintiffs' Motion further seeks to correct minor factual discrepancies and remove Axe consumers from the purported class. *Id.* On June 1, 2022, Defendant filed an opposition ("Opposition" or "Oppo.") contending that Plaintiffs' Motion should be denied because it was filed well after the August 2, 2021 deadline to amend the pleadings per the Court's scheduling order, and was filed too closely to the discovery cut-off deadline of June 24, 2022. *See* ECF No. 49; Oppo. at 2. Defendant

further opposes Plaintiffs' Motion on the grounds that the Motion is untimely and will prejudice Defendant and cause further undue delay. Oppo. at 2.

## II. LEGAL STANDARD

If a scheduling order's deadline for amendments has passed, a party seeking leave to amend must first satisfy the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" is a non-rigorous standard that has been construed broadly. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). "[T]he focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification . . . if that party was not diligent, the inquiry should end." *Id.* (internal quotation marks and citation omitted).

A party must next meet the standard for leave to amend. When the time has passed for amendment as a matter of course, a party may amend its pleading with the opposing party's written consent or with the court's permission. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.* The Ninth Circuit has stated that "this policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). However, of these considerations, "it is the consideration of prejudice to the [non-moving] party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

/ / /

/ / /

/ / /

## III. DISCUSSION

### A. Rule 16(b)

Plaintiffs' Motion was filed after the scheduling order's August 2, 2021 deadline for amendments and joining parties had passed. Accordingly, Plaintiffs must first meet the good cause standard of Rule 16(b) focusing on the diligence of the party seeking to modify the scheduling order. *See In re Western States*, 715 F.3d at 737.

Here, Plaintiffs seek leave to amend to add two new class members because "[n]either Mr. Grimm nor Mr. Lanier are able to participate in the litigation and fulfill their duties to the Class." Mot. at 1. Plaintiffs' counsel provides the timing of their discussions with Lanier and Defendant. Plaintiffs' counsel "tried and failed to reach Lanier, who could not be contacted at any previously available telephone numbers or email addresses." *Id.* at 2. Plaintiffs, however, were unaware of this until after the first sets of discovery, which required responses from Grimm and Lanier, were propounded on October 15, 2021. Oppo. at 3. This was after the scheduling order's August 2, 2021 deadline to file motions for leave to amend the pleadings and join other parties had already passed. Lanier informed Plaintiffs' counsel he was no longer able to participate as a class representative on March 21, 2022. ECF No. 48-1 at 2. On that same day, Plaintiffs' counsel informed opposing counsel of this in an email correspondence. *Id.* Further, Plaintiffs' counsel notified Defendant's counsel of the proposed motion for leave to file the amended complaint and asked Defendant's counsel to stipulate to the amendment. *Id.* Defendant's counsel did not agree to the stipulation, and thus Plaintiff filed the instant Motion.

Defendant argues that Plaintiffs waited nearly three months from the time when Plaintiffs' counsel concluded that a substitution might be necessary in this action to seek leave to amend. While this delay is relevant, the time between learning of Lanier's need to withdraw and the filing of this Motion seems reasonable considering the time required to identify, investigate, and interview absent class members to find a suitable candidate. The order of events indicates Plaintiffs' counsel was diligent in responding to events outside its control, and Plaintiffs' counsel was sufficiently diligent in securing potential replacement

class representatives and seeking leave to amend. The Court finds Plaintiffs' timing demonstrates diligence and Plaintiffs' stated reasons for seeking leave to amend demonstrate good cause. Accordingly, the Court finds that Plaintiffs have been diligent in seeking leave to amend and good cause exists under the standard of Rule 16(b).

**B. Rule 15(a)**

**1. Undue Delay and Prejudice**

When "good cause" has been established under Rule 16(b), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a). Defendant argues that the Court should deny leave to amend because the proposed amendment would prejudice Defendant and cause further undue delay. Defendant does not argue that Plaintiffs are acting in bad faith or the amendment to substitute new plaintiffs is futile.

Here, Defendant argues that amendment to substitute two new plaintiffs will cause further undue delay and prejudice because it would require an extension of the current scheduling order and class certification deadlines "at this late stage." Oppo. at 8–9. Although the addition of Kevin Bolden and Errol Carreon will require the parties to engage in further discovery that would extend this litigation, the Court does not find that this delays the case such that it constitutes prejudice. Plaintiffs do not seek to add, change, or alter any substantive allegations or legal theories from their SAC. Thus, the same arguments against Plaintiffs' causes of action in the SAC will be available to Defendant with Plaintiffs' proposed TAC.

As discussed above, Plaintiffs' reasons for seeking amendment represent good cause and Plaintiffs diligently found new class members and filed their motion for leave to amend shortly after learning Lanier and Grimm confirmed they could not represent the class. *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) ("To show undue delay, the opposing party must at least show delay past the point of initiation of discovery; even after that time, courts will permit amendment provided the moving party has a reasonable explanation for the delay."). Although this case was filed more than a year ago and initial discovery has begun, it is still in its early stages. At this stage, the issue

before the Court is limited to whether Plaintiffs should be allowed to amend their complaint and does not extend to any class certification issues. Further, the Court finds any further undue delay or prejudice to the Defendant is minimal because the parties may address any need for additional discovery time by seeking amendment of the Court's scheduling order, with the January 9, 2023 trial date remaining unaffected.

Additionally, the Court is mindful that failing to allow substitution of the two new parties at this point would merely require the filing of a new case and would waste the resources of both of the parties and the judiciary. The policies favoring judicial economy suggest that these parties and matters should be litigated in a single action, rather than in multiple actions. As such, granting leave to amend would not "impose unwarranted burdens on the court." *Davis v. Powell*, 901 F.Supp.2d 1196, 1212 (S.D. Cal. 2012).

**2. Previous Amendments**

As to the last factor, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Plaintiffs have previously amended their complaint twice. First, as a matter of right, and second, after the Court granted Defendant's motion to dismiss certain claims with leave to amend. ECF Nos. 11, 18, 20. Plaintiffs' prior amendments did not substitute or join other parties. Given the procedural history of this action, the Court does not find this factor weighs heavily against amendment.

In sum, the Court finds that leave to amend to file a TAC is appropriate here under the Rule 16(b) good cause standard and under Rule 15(a).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Leave to File a Third Amended Complaint and Plaintiffs shall file and serve the proposed Third Amended Complaint on or before **July 5, 2022**.

**IT IS SO ORDERED**.

Dated: June 28, 2022

Honorable Linda Lopez
United States District Judge