UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nicole KRAUSE-PETTAI, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNILEVER UNITED STATES, INC., et al.,<br><br>Defendants. | Case No.: 20-cv-1672-AGS-BLM<br><br>**ORDER GRANTING DEFENDANT'S RENEWED MOTION TO SEAL (ECF 91)** |

After the Court granted summary judgment for defendant Unilever (*see* ECF 90), the defense renewed its previously denied request to seal certain filings.

## BACKGROUND

Unilever moves to seal or redact: (1) portions of David Tropia's declaration (ECF 68 (unredacted); ECF 69-22 (redacted)); (2) Exhibits A through E to that declaration (ECF 68-1, 68-2, 68-3, 68-4, 68-5 (unredacted); ECF 69-23, 69-24, 69-25, 69-26, 69-27 (redacted)); and (3) parts of Exhibits 1 through 3 to Naoki S. Kaneko's declaration (ECF 67-1, 67-2, 67-3 (unredacted); ECF 69-2, 69-3, 69-4 (redacted)).

Paragraphs 34–38 and 41 of David Tropia's declaration "reference internal technical design drawings" for Unilever's packaging designs and "identify the manufacturer and supplier of Unilever's sticks." (ECF 91, at 4; *see* ECF 68, at 11–12, 14.) Its Exhibit A, a spreadsheet table, contains "highly confidential and proprietary . . . product formulas and specifications for all of the antiperspirant and deodorant products at issue." (*See* ECF 68-1.) Exhibits B, C, and D comprise highly detailed technical drawings of each of the stick styles. (*See* ECF 68-2, 68-3, 68-3.) And Exhibit E consists of "internal technical information concerning the fill capacities and design specifications" of the sticks, information "not known by Unilever's competitors." (ECF 91, at 4; *see* ECF 68-5.)

The exhibits to the Kaneko declaration consist of Unilever's expert and expert-rebuttal reports. In exhibit 1, figures 4, 7, and 10 contain the same images that appear in paragraphs 34, 35, and 37 of the Tropia declaration. (*See* ECF 67-1, at 16–18.) Its figure 12 is a photograph of Unilever's production facilities, capturing its private and proprietary assembly line. (*See id.* at 20.) In exhibit 2, paragraphs 20, 21, and 22 again reveal "the name and identity of the manufacturer and supplier of the sticks, information which is not publicly available." (ECF 91, at 5; *see* ECF 67-2, at 10.) Figure A to exhibit 2 refers to "specific data taken from the technical design drawings" submitted with the Tropia declaration. Finally, exhibit 3 comprises excerpts from "internal marketing, product, and consumer research that Unilever conducted or commissioned." (ECF 91, at 6.)

## DISCUSSION

The Court denied the initial sealing request (ECF 66) because Unilever made no "particularized showing of good cause" for each item beyond boilerplate assertions that the material was "confidential" or "proprietary." (*See* ECF 88, at 3.) Defendant's renewed motion corrects these deficiencies and fully supports the proposed redactions.

A party seeking "to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy," whereas a "'good cause' showing" suffices to seal "records attached to non-dispositive motions." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1180 (9th Cir. 2003). The relevant documents here were attached to declarations that at least partially supported Unilever's summary-judgment motion (ECF 70), so the more stringent "compelling reasons" standard applies. That standard is met when the court finds the "public interest in understanding the judicial process" is outweighed by "whether disclosure of the material could result in improper use . . . or infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The court must base any sealing decision "on a compelling reason and articulate the factual basis for its ruling." *Id.* "[A]ny order sealing documents should be narrowly tailored to remove from public view only the material that is protected." *Wasito v. City of San Diego*, No. 19-CV-2395-

JLS-JLB, 2019 WL 6877554, at *2 (S.D. Cal. Dec. 16, 2019) (cleaned up). Rather than sealing an entire document, courts prefer "limited and clear" redactions. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006).

The Court finds that all the proposed redactions and sealings here involve "confidential and commercially sensitive" business data or "trade secrets" that "meet the 'compelling reasons' standard." *See In re Electronic Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008); *see also GPNE Corp. v. Apple Inc.*, No. 12-cv-02885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (noting that a "court has broad discretion to permit sealing of . . . confidential research, development, or commercial information"). Unilever has sufficiently explained the commercial harm it would suffer if these details were revealed, which overcomes the strong presumption in favor of public access to court documents. In addition, this information is only tangentially related to the case's merits, so it is of little aid to the "public interest in understanding the judicial process." *See Hagestad*, 49 F.3d at 1434.

## CONCLUSION

Unilever's motion to seal is **GRANTED**. The Clerk will seal the unredacted versions of David Tropia's declaration and its exhibits A through E (ECF 68, 68-1, 68-2, 68-3, 68-4, 68-5) and the unredacted versions of exhibits 1 through 3 to Naoki S. Kaneko's declaration (ECF 67-1, 67-2, 67-3).

Dated:  August 12, 2024

Andrew G. Schopler
United States District Judge